NEW ENGLAND AUTO INVESTMENT CO. *v.*
HAROLD B. ANDREWS.

APRIL 7, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Sales. Mortgages. Title. Possession. Goods in transit. Estoppel.*

X. Company sold five automobiles to L. to be shipped by express, C. O. D., from a point in Indiana to Providence. While the cars were in transit

L. borrowed money from the Z. Co. to pay for cars on arrival, and delivered to the Z. Co., a chattel mortgage to secure the loan. The mortgage was recorded at residence of L. The cars were delivered by carrier to L., and on same day one of the cars came into the possession of W., a dealer, under some arrangement between L. and W. On the same day W. sold the car to A. who paid W. full amount of purchase price. A. was ignorant of the transaction between L. and Z. Co., and of any fact preventing his securing a good title from W. Z. Co. replevied car from A.

Later under an agreement between Z. Co., W., and A., title in the Z. Co. was recognized, and it was provided that the car was then loaned to W. for the consideration of ten notes delivered by W. to the Z. Co., with provision that in case of default by W., A. might redeem the car by the payment of the balance due, and when notes were paid A. would then receive a bill of sale. On default in notes and refusal of A. to surrender car, trover was brought by Z. Co. against A.

*Held*, that irrespective of what rights Z. Co. might have had under the mortgage, Z. Co. was making its claim in the replevin suit in an honest belief in its legal rights and A. acknowledged the validity of such claim under the agreement and accepted possession of the car to hold under the terms of such agreement to which he was a party and he could not be heard to dispute the title of Z. Co. and its right to its possession under that agreement, upon default.

*Held*, further, that under the law of this State L. had title to the cars at the time of the delivery of the mortgage and the Z. Co. obtained a valid interest in the cars while in transit.

*(2)    Contracts.    Common Law.    Law of Forum.*

Unless the contrary appears upon the record it will be assumed that the common law of the place where a contract is made, if made elsewhere than in this State, corresponds to the common law of the forum.

*(3)    Sales.    Title.    Goods Sold C. O. D.*

In this State under the common law, unless a contrary intention on the part of the seller appears in a shipment of goods C. O. D., title to the goods passes to the purchaser upon their delivery to the carrier, although the purchaser does not acquire the right of possession until payment (Sales Act, sec. 3, rule 4, cap. 306, G. L. 1923).

TROVER. Heard on exception of defendant and overruled.

SWEETLAND, C. J. This is an action of trespass on the case in trover to recover damages for the alleged conversion by the defendant of an automobile belonging to the plaintiff.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the evidence, on motion of the plaintiff, the justice directed a verdict for the

plaintiff in the sum of $993.31.   The case is before us upon the defendant's bill of exceptions, wherein is stated the defendant's exception to the action of the justice in directing a verdict, and also certain exceptions to rulings of the justice made in the course of the trial.   In his brief and in oral argument before us the defendant has relied solely upon his exception to the action of the justice in directing a verdict for the plaintiff.

It appears that on January 18, 1917, the Auburn Motor Co. sold five automobiles to one Louis Levasseur, of West Warwick in this State, to be shipped via The Adams Express Co., C. O. D. from a point in the State of Indiana to the city of Providence.   While said cars were in transit, Levasseur borrowed money from the plaintiff Investment Company with which to pay for the automobiles upon their arrival at Providence.   On January 24, 1917, Levasseur executed and delivered to the plaintiff a chattel mortgage upon the cars so in transit to secure the plaintiff upon said loan.   This mortgage was duly recorded at West Warwick where Levasseur resided.   On January 27, 1917, the cars were delivered by the Express Company to Levasseur upon the payment of the amount due on the shipment.   On the same day one of these cars, the automobile in question in this suit, passed into the possession of the Whitten Motor Vehicle Co., a dealer in automobiles in Providence, under some arrangement between said Levasseur and the Whitten Company.   Upon the same day the Whitten Company sold the automobile to the defendant Andrews, who has paid to the Whitten Company the full amount of the purchase price.   The defendant Andrews was ignorant of the transaction between Levasseur and the plaintiff Investment Company, and of any fact that would prevent the Whitten Motor Vehicle Co. from conveying to him an unencumbered title to said automobile, until a day in June, 1917, when, upon the suit of the plaintiff Investment Company, the automobile was taken from the possession of the defendant Andrews upon a writ of replevin.   After some correspond-

ence between the defendant and the plaintiff the defendant accompanied by William W. Whitten, representing the Whitten Motor Vehicle Co., went to the office of the plaintiff in Boston and there, after a conference with the treasurer and manager of the plaintiff, a written agreement was executed by the plaintiff, said William W. Whitten and the defendant. Therein it was agreed that the plaintiff was the owner of said automobile, and it was provided that the automobile was then loaned by the plaintiff to William W. Whitten for the consideration of ten promissory notes, amounting to the sum of $874.46, made by Whitten and delivered to the plaintiff. It was further provided in the agreement that in case of default in payment of the notes by Whitten the defendant Andrews might "redeem said car by the payment of any amount then due on the said notes and when the payment of the notes shall have been completed a bill of sale of said cars shall be delivered to the said Andrews". Thereafter the automobile which had been held on the replevin writ was returned to the defendant by the sheriff. The first of said ten notes was paid by Whitten when due. The second note when due was not paid by Whitten, but upon notice to the defendant, Andrews, was paid by him. When the third note became due it was not paid by Whitten, and the defendant refused to make further payment on said notes. The plaintiff then made demand for the return to it of said automobile which demand was refused by the defendant and the plaintiff commenced this action based upon its claim of the conversion of said car by the defendant.

The defendant bases his defense to the action upon the claim that the mortgage from Levasseur to the plaintiff was invalid, for the reason that at the time of its execution Levasseur had neither title in nor possession of the automobile, and hence that the plaintiff by said mortgage obtained neither title nor the right of possession in the same. Whatever might be said of this defense in other circumstances it can not avail the defendant here. The transaction

between the parties in Boston, and the written agreement there signed by the defendant were clearly in compromise and settlement of the replevin suit in which the plaintiff was claiming title and the right to immediate possession of the automobile. All the circumstances indicate that the plaintiff was making its claim in good faith, in an honest belief in its legal sufficiency, and that no deception was practiced upon the defendant.. In those circumstances the defendant acknowledged the validity of the plaintiff's claim of title, the replevin suit was no further pressed, and the defendant accepted possession of the automobile to hold in accordance with the terms of the written agreement to which he was a party. The defendant can not now be heard to dispute the plaintiff's title to the car and the plaintiff's right to its possession upon default in the terms of the written agreement. *DiIorio* v. *Di Brasio*, 21 R. I. 208; *Kendall* v. *Rossi*, 35 R. I. 451.

Moreover, under the law of this State, Levasseur did have title to the automobile at the time the mortgage from him to the plaintiff was executed, and the mortgagee obtained a valid interest in the automobile while it was in transit. It does not appear in evidence whether the contract between Levasseur and the Auburn Motor Co. for the sale of the car was made in Rhode Island, in Indiana, or in some other state. Unless the contrary appears upon the record, however, it will be assumed that the common law of the place where the contract was made, if made elsewhere than in Rhode Island, corresponds to the common law of the forum. We are of the opinion that in this State, under the common law, unless a contrary intention on the part of the seller appears, in a shipment of goods C. O. D. the title to the goods passed to the purchaser upon their delivery to the carrier, although the purchaser did not acquire the right of possession until payment. This rule of our common law has been codified in our sales act. Section 3, rule 4, Chapter 306, Gen. Laws, 1923.

We find no error in the action of the justice of the Superior Court directing a verdict for the plaintiff.

The defendant's exception is overruled. The case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*McGovern & Slattery, Fred B. Perkins,* for plaintiff.

*Benjamin W. Grim,* for defendant.